UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREASHEER D. ALLISON,

Plaintiff,

v.

SJL CLEANING SERVICES LLC, and
LABORERS LOCAL UNION 1191,

Defendants.
_____________________________/

Case No. 4:26-cv-13832

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

On October 7, 2026, Plaintiff Treasheer D. Allison filed a complaint against Defendants SJL Cleaning Services, LLC ("SJL Cleaning") and Laborers Local Union 1191 ("the Union"), asserting claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Michigan's Elliott-Larsen Civil Rights Act (ELCRA). (ECF No. 1). On the same day, she also filed an application to proceed without prepaying fees or costs. (ECF No. 2). The Court finds the application to proceed without prepaying fees and costs

facially sufficient and **GRANTS** the application. For the reasons explained below, however, Plaintiff's complaint will be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

Although Plaintiff filed a complaint which includes over 200 pages of additional documents, her statement of her claims is limited to one page in which she explains that she is suing her employer, SJL Cleaning, "for breach of the National Maintenance Agreement (NMA) and wrongful termination, and…Defendant Union, Laborers' Local Union 1191, for breach of the Duty of Fair Representation (DFR)." (ECF No. 1, PageID.3). She alleges that on March 27, 2026, she was "summarily terminated from her position as a shop steward by the employer via a text message sent eleven hours before her shift, without progressive warnings or an adequate investigation following a

verbal disagreement with a coworker where no threats were issued." (*Id.*). She alleges that her employer then falsely asserted that Plaintiff had engaged in misconduct and threats to the Union, which the Union accepted without conducting an independent investigation. (*Id.*). She also alleges that in doing so, the Union breached its fiduciary duties and the duty of fair representation because it failed to protect her rights, threw out her grievance after "only one brief meeting," and failed to inform her of any separate proceedings. (*Id.*). The complaint contains no further factual details regarding the actions of the Union. Plaintiff also says that a "Michigan Unemployment Insurance Agency (UIA) Administrative Law Judge ruled entirely in [her] favor, concluding that no workplace misconduct occurred and establishing that the employer's allegations were unsubstantiated." (*Id.*).

Plaintiff's only federal claim is under section 301 of the Labor Management Relations Act, which "provides a federal remedy for breach of a collective bargaining agreement." *Alford v. Gen. Motors Corp.*, 926 F.2d 528, 530 (6th Cir. 1991) (citing 29 U.S.C. § 185(a)). "An employee may bring an action under § 301 against h[er] employer if [s]he has been dismissed in violation of the collective bargaining agreement." *Id.* However, first, an aggrieved employee must "exhaust any exclusive grievance and arbitration

procedure created in a collective bargaining agreement prior to bringing a § 301(a) suit against the employer." *Poole v. Budd Co.*, 706 F.2d 181, 183 (6th Cir. 1983). "A failure to exhaust may be excused, however, if the employee establishes that the union breached its duty of fair representation in the processing of the grievance." *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 186 (1967)). This gives rise to a hybrid § 301 action, which "consists of two distinct causes of action, one against the employer for violating the collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and one against the union for breaching its implied duty of fair representation under the National Labor Relations Act." *Driver v. U.S. Postal Serv., Inc.*, 328 F.3d 863, 868 (6th Cir. 2003) (citing *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164 (1983)). The two claims are dependent on one another; "the employee can prevail in either suit only by prevailing in both." *Id.* (citing *DelCostello*, 462 U.S. at 164-65). Therefore, to state a hybrid § 301 claim, a plaintiff must plausibly allege "both that the employer violated the collective bargaining agreement and that the union breached its duty of fair representation." *Id.* (citing *DelCostello*, 462 U.S. at 164-65).

Although Plaintiff alleges that SJL Cleaning violated the collective bargaining agreement and the Union then breached its duty of fair

representation, she does so only in the most cursory manner. She includes only one sentence related to her termination and then alleges generally that the Union failed to protect her rights. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca,* 386 U.S. at 190. Although Plaintiff alleges that the Union did not conduct an independent investigation and threw out her grievance, she does not provide any sort of detail regarding the grievance, the Union's handling of it, or the "one brief meeting" held on it. Overall, a complaint must allege facts establishing that the plaintiff is entitled to relief, which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has presented only "naked assertions devoid of further factual enhancement." *Id.* (citation omitted). Her bare allegations do not allow this Court to draw the reasonable inference that the Union acted arbitrarily, discriminatorily, or in bad faith, nor could the Court reasonably infer from the facts provided that SJL Cleaning violated the collective bargaining agreement when it terminated Plaintiff. As such, Plaintiff's federal claim must be dismissed.

This leaves Plaintiff's state law claim under Michigan's ELCRA. Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). As Plaintiff has failed to state a federal claim, her state law claim will also be dismissed.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

Date: November 17, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge